WILLIAM HERRICK *et al.*, Executors, etc., *v.* ISAAC AMES *et al.*

Defendants cannot claim the opening of an alleged settlement on the ground of a mistake, without establishing affirmatively the existence of such mistake.

DENIO, Ch. J.   The defendants purchased the goods of the plaintiffs' testator according to an inventory.   Errors are found in the additions, extensions and footings in that inventory, by which the value of the goods was made to appear less by $2,478.58 than the inventory, if the items had been correctly entered and accurately footed, would have shown them.   It is not denied but that this furnished a sufficient reason for opening the account, nor but that the settlement should be corrected accordingly and the plaintiffs be allowed in this action what was lost by means of the errors.

But the defendants contend that there was an error against them in entering the price of the goods without deduction in the accounts.   About the time the inventory was completed, and before the transfer of the goods, a fire occurred in the store in which they were kept, by which they were damaged; and for this loss the plaintiffs received $12,898.23 from certain insurance companies which had issued policies thereon.   The defendants paid or accounted for the goods according to the inventory, and they were entitled to the indemnity which the insurance companies had paid on such of them as had been burned.   It appears by the evidence that the subject of accounting for these moneys had been discussed by the parties, and that the plaintiffs' testator claimed that the real loss of the goods was only about three thousand dollars.   Whether this estimate was assented to by the defendants does not appear.   The main point is whether anything on that account was allowed to the defendants.   In order to enable the defendants to establish a claim on that account it must appear that, by some mistake, the proper allowance—whether $4,000 or $12,898.23—was omitted to be made.   The evidence was by no means satisfactory.   From the lapse of time and the ignorance of the witnesses,

the meaning of certain entries in the books could not be ascertained. The findings of the referee are equally unsatisfactory; he does not find distinctly whether an allowance for the insurance moneys was made or not, but we infer that it was either made or waived. He makes various extracts from the evidence, and concludes by saying that there is no express evidence of such allowance, or that an allowance on that account was waived; but he adds, " I find, as matter · of law, that the evidence herein detailed is sufficient to sustain such inference of fact as above stated." The meaning of this is not clear to my mind. All that can be certainly said is, that the referee was unable to find that a mistake occurred in omitting to credit the insurance moneys. His opinion is evidently to the contrary of that.

Now, this question is to be determined as though the defendants were claiming to open the pretended settlement upon an allegation of mistake in omitting an allowance for the insurance moneys. To do this it was essential that they should have procured a finding which should affirm the fact of such a mistake; or, failing in that, he should have been able to convince the General Term—which alone could receive the report upon the facts—that the referee ought to have so found. In that case they would have set aside the report and have ordered a new trial. As the defendants were unable to do either of these things they cannot insist upon reversing the judgment on that account; it must therefore, be affirmed.

INGRAHAM, J. The only question submitted in this case on appeal is whether the new firm were entitled to the credit for moneys received by Jonathan K. Herrick from the insurance company, for damage by fire on the 31st December, 1862. The new partnership did not take effect until 18th March, 1853. The inventory of goods was taken in December, 1852, but whether completed or not before January, 1853, does not appear. Sales however were made down to March, 1853, and new purchases were made during the same period. In March, 1853, the stock was charged to the new firm, but

not at the amount of the old inventory. A portion of the amount allowed to the new firm was $4,000 for the damage to the stock. All these facts were known to the parties at the time of the settlement. It appears to me that the referee was fully authorized to find that the parties took these matters into consideration on their settlement, and that whatever allowance was made on account of the insurance was agreed to by the parties. It is not unreasonable to suppose that the inventory, as made in December, was not the basis of the settlement. The amount was not the same, and the referee finds there were sales made down to March, 1853, and new purchases of goods. His inference that, by some calculations between the parties, the stock on hand in March, 1853, was valued at the amount at which it was charged to the new firm is waranted by the evidence, and disposes entirely of the questions raised on this appeal. If the value of the stock in March was ascertained, then the new firm would have nothing to do with the proceeds of the goods sold or burned previous thereto. The referee finds there is no satisfactory proof that $4,000 was allowed to the new firm on account of the goods burned. If the proof was satisfactory to show that it had been allowed there might be some reason for the claim on behalf of the new firm that that firm had an interest in the insurance.

The finding of the referee on these points renders any examination of the question as to the power of Herrick to deny the validity of the claim against the insurance company, whether he received more than enough to cover his loss would be very immaterial in this action. The defendants had no interest in it. If he received more than he was entitled to, the company could have recovered it from him or his representatives; but the new firm clearly were not entitled to it, if they settled on the value of the stock as it existed in March, 1853.

There is no ground, for interfering with the judgment. The same should be affirmed.